IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

ROBERT SORTER,                )
                              )
        Plaintiff,             )
                              )
vs.                           )   Case No. 19-00403-CV-W-ODS
                              )
CSRA LLC, et al.,             )
                              )
        Defendants.            )

<u>ORDER AND OPINION (1) GRANTING PLAINTIFF'S MOTION TO REMAND, AND
(2) REMANDING MATTER TO CIRCUIT COURT OF JACKSON COUNTY, MISSOURI</u>

Pending is Plaintiff's Motion to Remand. Doc. #5. For the following reasons, Plaintiff's motion is granted, and the matter is remanded to the Circuit Court of Jackson County, Missouri.

## I. BACKGROUND

In June 2018, Plaintiff Robert Sorter filed suit against Defendants CSRA LLC and David Johnson in the Circuit Court of Jackson County, Missouri, alleging violations of the Missouri Human Rights Act ("MHRA"). Doc. #1-1. In July 2018, Defendants removed the matter to this Court arguing Johnson was fraudulently joined because Plaintiff did not have a colorable claim against him. No. 18-CV-541-ODS (Doc. #1). In August 2018, the parties jointly moved to remand the matter. *Id.* (Doc. #10). The Court granted the parties' motion, and the matter was remanded to the Circuit Court of Jackson County. *Id.* (Doc. #11).

The matter was removed again in May 2019. Doc. #1. Defendants argue that, based upon Plaintiff's deposition testimony, "no set of circumstances exist under which Plaintiff can assert a claim against the non-diverse Defendant Johnson." *Id.* at 2. Defendants contend Johnson was fraudulently joined, and therefore, this Court has subject matter jurisdiction. Plaintiff moves to remand the matter, maintaining Johnson was not fraudulently joined. Doc. #5.

## II. DISCUSSION

An action may be removed by the defendant where a matter falls within the original jurisdiction of the district courts. 28 U.S.C. § 1441(a). If the matter is not within the court's original subject matter jurisdiction, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). In considering a motion to remand, removal statutes are strictly construed, and the court must resolve any doubts in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cir. 1997). Defendants, as the parties seeking removal and opposing remand, have the burden of establishing this Court has jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1995) (citation omitted).

Plaintiff is a citizen of Kansas, CSRA is a citizen of Virginia and Nevada, and Johnson is a citizen of Missouri. Doc. #1, at 7-9; Doc. #1-1, at 1; Doc. #11 at 1-2. Plaintiff does not dispute the amount in controversy exceeds $75,000. In their Notice of Removal and suggestions in opposition to Plaintiff's motion to remand, Defendants argue Johnson was fraudulently joined to destroy diversity. Docs. #1, 11. However, Johnson does not destroy diversity. He is not a citizen of the same state as Plaintiff. Instead, Johnson, a Missouri citizen, is a forum defendant.

When a case is removed based on diversity, the "forum defendant rule" provides the case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). In the Eighth Circuit, "the violation of the forum defendant rule is a jurisdictional defect and 'not a mere procedural irregularity capable of being waived.'" *Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005) (quoting *Hurt v. Dow Chemical Company*, 963 F.2d 1142, 1146 (8th Cir. 1992)). If Johnson was fraudulently joined to render the matter non-removable pursuant to the forum defendant rule (or, as Defendants argue, to destroy diversity), the Court does not consider Johnson's citizenship. If Johnson was not fraudulently joined, the Court must remand this matter.

To establish a party was fraudulently joined, a defendant seeking removal or opposing remand must prove the plaintiff's claim against the diversity-destroying defendant has "no reasonable basis in fact and law." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (internal quotation marks omitted). Critically, the

defendant must "do more than merely prove that the plaintiff's claim [against the non-diverse defendant] should be dismissed pursuant to a Rule 12(b)(6) motion." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) (citation omitted). In conducting its inquiry, the Court "resolve[s] all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Filla*, 336 F.3d at 811 (citation omitted). "[T]he court must simply determine whether there is a reasonable basis for predicting that the state's law might impose liability against the defendant." *Id.* If it is clear under the governing state's law that the petition "does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Id.* (citation omitted). However, if there is a reasonable basis in fact and law that supports the claim, joinder is not fraudulent. *Id.* at 810-11.

When Defendants first removed this lawsuit and later agreed to remand it, they ostensibly conceded Plaintiff's petition sufficiently alleged a claimed against Johnson. This concession is substantiated by Defendants' Notice of Removal filed in this matter wherein they state that "[w]hen it became clear" that a date in Plaintiff's petition was incorrect and "the exclusion of individual liability did not retroactively apply," Defendants joined in the motion to remand the matter to state court. Doc. #1, at 2.

Defendants' latest attempt at removal is solely based on Plaintiff's deposition testimony. They argue Plaintiff testified he believed Johnson discriminated against him was based on speculation, and therefore, Plaintiff's testimony demonstrates "no set circumstances exist under which Plaintiff can assert a claim against the non-diverse Defendant Johnson." *Id.*; Doc. #11, at 2. The parties do not dispute that the MHRA, prior to amendments in August 2017, defined "employer" to include individuals, and therefore, supervisors, such as Johnson, could be held liable for violating the MHRA. The parties disagree as to whether Plaintiff's testimony provides a reasonable basis that the state's law may impose liability against Johnson.

Plaintiff did not testify about direct evidence of discrimination or retaliation, but that is not surprising. "Most employment discrimination cases are inherently fact-based and necessarily rely on inferences rather than direct evidence." *Holmes v. Kan. City, Mo. Bd. of Police Comm'rs*, 364 S.W.3d 615, 628-29 (Mo. Ct. App. 2012) (citation and internal quotations omitted); *see also Cox v. Kan. City Football Club, Inc.*, 473 S.W.3d

107, 116 (Mo. banc 2015) (citations omitted). "Direct evidence is not common in discrimination cases because employers are shrewd enough to not leave a trail of direct evidence." *Id.* (quoting *Daugherty v. Maryland Heights,* 231 S.W.3d 814, 818 n.4 (Mo. banc 2007)). Thus, plaintiffs who claim discriminatory and/or retaliatory employment action on the basis of membership in a protected class generally must rely on circumstantial evidence.

When there is no direct evidence of discrimination or retaliation, "a plaintiff may use circumstantial evidence to prove her case." *Id.* (citation omitted); *see also Cox*, 473 S.W.3d at 116. Circumstantial evidence may include but is not limited to "[e]vidence of a good work record prior to making a complaint," temporal proximity between a protected activity and an adverse employment action, "atypical employment action[s]," and/or evidence that the employer's explanation for the adverse employment action is "unworthy of credence." *Soto v. Costco Wholesale Corp.*, 502 S.W.3d 38, 49-51 (Mo. Ct. App. 2016).

Plaintiff argues he cannot testify about what was in Johnson's mind when Johnson made the decision to end Plaintiff's employment with CSRA. But Plaintiff points to portions of Johnson's deposition indicating Johnson was not aware of and did not follow the criteria that CSRA produced and claimed to use to discharge Plaintiff. Doc. #5, at 4 (citing Doc. #5-2). Also, Plaintiff contends the process that led to his discharge did not adhere to CSRA's policies. Doc. #13, at 2. Plaintiff also notes Defendants have not produced emails between Johnson and his superior about any process he utilized when deciding what employees were to be discharged and why those employees (including Plaintiff) were discharged. These emails, assuming they exist, may also provide additional circumstantial evidence of discriminatory or retaliatory intent. Doc. #5, at 4. When construing the facts and ambiguities in Plaintiff's favor and construing all doubts in favor of remand, as the Court must do, the Court finds the MHRA (prior to the August 2017) might impose liability against Johnson, and there is a reasonable basis in fact and law for Plaintiff's claim against Johnson.

Defendants have not met their burden of establishing Johnson was fraudulent joined. Because Johnson was properly joined and he is a Missouri citizen, the forum

4

defendant rule does not permit removal of this matter. 28 U.S.C. § 1441(b)(2). Accordingly, the Court grants Plaintiff's motion.

### III. CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion to remand, and remands this matter to the Circuit Court of Jackson County, Missouri. The Court declines Plaintiff's request to award him fees and costs associated with the removal and remand of this matter.

IT IS SO ORDERED.

DATE: July 29, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT